UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSHUA DRUKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-06-00052 |
| | § | |
| FORTIS HEALTH; aka ASSURANT HEALTH, *et al*, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Joshua Druker's Motion for Remand. Upon due consideration of the parties' arguments and the governing law, the Court DENIES Plaintiff's motion.

**I.    PROCEDURAL HISTORY AND RELEVANT FACTS**

On January 13, 2006, Druker, a Texas resident, filed suit in the 111th Judicial District Court, Webb County, Texas, against Defendants Fortis Health; Fortis, Inc.; and Assurant Inc., claiming fraud, breach of contract, negligent misrepresentations, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code. [Doc. No. 1]. Plaintiff also brought the same claims against Carlos Sanchez and Michael Rivera, two Texas residents and insurance agents employed by Defendant Fortis when the events giving rise to this cause of action took place. [Doc. No. 1, ¶¶ 7, 14]. On March 20, 2006, Defendant Fortis filed its Notice of Removal to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, arguing that Defendants Sanchez and Rivera were improperly joined as Defendants to this suit for the purpose of precluding diversity jurisdiction in this Court. [Doc. No. 1-1]. In its Notice of Removal, Fortis, the insurance company Defendant, refers to itself as "Time Insurance Company." [Doc. No. 8-1

at 1]. Therefore, the Court hereafter will refer to the insurance company Defendant as "Time" rather than "Fortis."

On April 26, 2006, Druker filed his Motion for Remand and brief in support thereof, Defendant Time responded on May 12, 2006, and Plaintiff filed his reply brief on May 26, 2006. [Doc. Nos. 7-1, 8-1, and 9 respectively]. The Court finds improper joinder in this case and therefore Plaintiff's Motion for Remand is DENIED.

## II. DISCUSSION

When the propriety of removal is in dispute, the removing party bears the burden of establishing federal jurisdiction and therefore proper removal. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). When the removing party alleges improper joinder as its basis for removal, it must establish either "actual fraud in the pleading of jurisdictional facts[] or . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Defendant Time invokes the second justification for removal. A federal district court will deem a plaintiff unable to establish a cause of action against a non-diverse defendant if "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In determining whether this "reasonable basis" exists, this Court conducts a "12(b)(6) type analysis, looking initially [to] the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* The Court looks only at the claims as they existed at the time of removal, and not to post-removal amendments. *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). However, a federal court may consider "summary judgment-type evidence such as affidavits and deposition testimony" when adjudicating an improper joinder claim. *Griggs v.*

*State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Post-removal filings may not be considered, however, "when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Id.*

Druker's first argument in support of remand is that removal was improper because Defendants Sanchez and Rivera have not consented to removal. [Doc. No. 7-1, ¶ 9]. This argument has no merit, as the Fifth Circuit has stated that consent of all defendants is not required when the party challenging removal alleges improper joinder. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curium). In such cases, "application of this requirement to improperly . . . joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Id.*

Next, Plaintiff argues that his Original Petition states cognizable claims against Defendants Sanchez and Rivera for violations of the Texas Insurance Code, the Deceptive Trade Practices Act, common law fraud, negligent misrepresentation, and breach of contract. [Doc. No. 7-1, ¶2]. The Court disagrees. As was the case in *Cavallini*, where the plaintiff's complaint was deemed insufficient to support a claim against the non-diverse defendants, Druker names Sanchez and Rivera in the Petition caption and introductory paragraph but fails to make any further supporting allegations against these agents. 44 F.3d at 260. He refers only to "the defendants" in the subsequent paragraphs. Druker does allude to Sanchez and Rivera in paragraph 15, where he states that "[w]hen [D]efendants sold the insurance policy to [P]laintiff they falsely represented that claims under the policy would be properly honored and timely paid in accordance with the agreement and the law." [Doc. No. 1, ¶ 15 at 6]. However, such statements are far too general–they amount to no more than non-actionable sales "puffery" and are far from "misrepresentations of material fact," the showing of which is required for recovery

under the Texas Insurance Code, or the Deceptive Trade Practices Act. *See Griggs*, 181 F.3d at 701 (reiterating that a plaintiff must show that the agents made "material misrepresentations" pertaining to "*specific* policy terms," that the insured relied on those *specific* misrepresentations, and that such reliance actually caused the damages in question) (emphasis added). The same infirmity in Druker's state Petition renders untenable his claim of common law fraud against Sanchez and Rivera. *See Great Plains Trust C. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322 (5th Cir. 2002) (stating that an allegation of common law fraud necessarily contains an averment of material misrepresentation). Regarding breach of contract, Plaintiff's state court Petition is void of any allegation which, if true, might establish that a contract existed between him and Defendants Sanchez and Rivera. The contract was, of course, between Defendant Time and Plaintiff.

Therefore, since there is no reasonable basis for this Court to conclude that Druker might be able to recover against Defendants Sanchez and Rivera, the Court finds that these Defendants were improperly joined. Plaintiff's Motion for Remand is **DENIED**.

IT IS SO ORDERED.

DONE this 17th day of 2006, in Laredo, Texas.

Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**