O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| JOSHUA DRUKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 5:06-cv-00052 |
| | § | |
| FORTIS HEALTH, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant's Motion for Reconsideration of the Magistrate Judge's ruling, [Dkt. No. 40], granting Plaintiff's Motion to Quash, [Dkt. No. 29], Defendants' discovery subpoena of Plaintiff's medical records, [Dkt. No. 42]. Upon due consideration of the governing law and the parties' arguments, the Court SUSTAINS Defendant's objection, and accordingly REVERSES the ruling of the Magistrate Judge.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

In June 2003, Plaintiff Joshua Druker purchased a health insurance policy ("the Policy") from Defendant Time.[1] [Dkt. No. 1, ¶11]. This suit arises out of the latter's failure to pay claims filed by Plaintiff under that Policy. On January 13, 2006, Plaintiff, a Texas resident, filed suit in the 111th Judicial District Court, Webb County, Texas, claiming fraud, breach of contract, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices-

---

[1] According to the Notice of Removal, the insurance company Defendant is properly referred to as "Time Insurance Company," not "Fortis Health." [Dkt. No. 8-1 at 1]. Therefore, the Court hereafter will refer to Defendant as "Time" rather than "Fortis."

Consumer Protection Act and the Texas Insurance Code. [Dkt. No. 1]. On March 20, 2006, Defendant Time removed to federal court. [Dkt. No. 1-1].

During discovery, Plaintiff provided Defendant the names of approximately thirty health care providers in possession of Plaintiff's medical records. [Dkt. No. 40]. Defendant thereafter subpoenaed all medical records in possession of these custodians, a demand Plaintiff challenged as an overbroad and invasive "fishing expedition" of documents protected under the physician-patient privilege. [Dkt. No. 29]. Defendant responded by arguing that, under Federal Rule of Civil Procedure 26(b), it was entitled to discover any evidence from Plaintiff relevant to either Plaintiff's claims or Defendant's affirmative defense of material misrepresentation. [Dkt. No. 35].

On January 12, 2007, the Magistrate Judge granted in part and denied in part Plaintiff's Motion to Quash, essentially limiting discovery to medical records relating to "blood pressure, heart, cardiovascular, and neurological systems, including records of cardiac testing, hyperlipidemia, and the cerebral vascular accident." [Dkt. No. 40 at 3]. The Magistrate Judge concluded that medical records dealing with any other medical issues were not relevant to Plaintiff's claims or Defendant's affirmative defense, and therefore granted Plaintiff's Motion to Quash the subpoena as it related to those peripheral medical records. [Dkt. No. 40].

On January 22, 2007, Defendant filed its Motion for Reconsideration, arguing that the Magistrate Judge clearly erred in granting Plaintiff's Motion to Quash in part. [Dkt. No. 42]. Notwithstanding the title of Defendant's Motion as one for "reconsideration," the specific provisions Defendant invokes, and the language it employs, indicate that its Motion is actually one *objecting* to the Magistrate Judge's ruling, and therefore the Court reads Defendant's

Motion as one asking the District Judge to review the Magistrate Judge's order for clear error pursuant to 28 U.S.C. § 636(b)(1)(A).

**II.     DISCUSSION**

The Magistrate Judge's ruling will be deemed "clearly erroneous" only if, "based on the entire evidence, [the Court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006).

In response to Plaintiff's claim that Defendant wrongfully rescinded the Policy upon Plaintiff filing claims thereunder, Defendant Time asserts the defense of material misrepresentation. [Dkt. No. 35, ¶ 1]. The essence of this defense is that rescission is permissible if the policy holder made material misrepresentations in his policy application. *Union Bankers Ins. Co. v. Shelton*, 889 S.W2d 278, 281 (Tex. 1999).

Importantly, in order to show that Plaintiff made material misrepresentations in obtaining the Policy, Time must prove deceptive *intent*. *Id.* at 282-83. To show such intent, Defendant sought to access all of Plaintiff's medical records, even those not pertaining to "heart problems," the condition central to the insurance claims denied by Time. The balance of Plaintiff's medical records, as the argument goes, may reveal a pattern of misrepresentations that would reinforce the claim that any misrepresentations on Plaintiff's insurance application were intentional rather than the result of mere oversight.

In granting Plaintiff's Motion to Quash, the Magistrate Judge framed her analysis around the concept of relevance, deciding that although "portions of Plaintiff's medical history fall within the scope of relevance to the claims and defenses asserted . . . Plaintiff's entire medical history is not relevant" thereto. [Dkt. No. 40 at 2]. However, the thrust of Plaintiff's Motion to

Quash was the physician/patient privilege, not relevance.[2] [*See*, *e.g.*, Dkt. No. 29, ¶ 10]. Therefore, the Magistrate Judge's ruling in Plaintiff's favor, despite its ostensible focus on relevance, is properly read as a conclusion that the scope of Defendant's subpoena was excessive because it included a demand for medical records protected by the physician/patient privilege. [*See*, *e.g.*, Dkt. No. 40 at 4 (concluding that because medical records not dealing with Plaintiff's heart condition were "not relevant," they were "protected")].

The Court need only scratch the surface of privilege law to unearth the primary problem with Plaintiff's invocation of the physician/patient privilege. "There is no presumption that documents are privileged . . . ." *In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 225 (Tex. 2004). Thus, "[t]he party who seeks to limit discovery by asserting a privilege has the burden of proof." *Id.* at 223 (citing *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 648-49 (Tex. 1985)). "The prima facie standard requires only the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *Tex. Tech Univ. Health Scis. Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)).

As suggested in *DuPont* and other cases, "evidence" in this context must be, at the very least, in the form of a sworn affidavit. Before the Magistrate Judge, Plaintiff failed to provide any evidence beyond his own conclusory assertions that the scope of Defendant's subpoena included demands for privileged material. He provided only a list of medical providers and their respective areas of specialization; such is not "evidence" that the specific contents of the various records are privileged. *See Ramirez*, 887 S.W.2d at 843. Since Plaintiff did not satisfy

---

[2] Noting the distinction between "relevant" and "privileged" in this context is not mere pedantic hairsplitting. Medical information can be relevant without being privileged, and if information is privileged its relevance to a party's defense matters little. "The fundamental purpose of evidentiary privileges [is to] preclude discovery and admission of *relevant* evidence under prescribed circumstances." *R.K., M.D., Relator v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994) (citing CHARLES T. MCCORMICK, MCCORMICK ON EVIDENCE §§ 72-72.1 (John W. Strong *et al.* eds., 4th ed. 1992)). Accordingly, once a party demonstrates that the privilege applies, an adversary cannot, merely by arguing that the given material is "relevant," demonstrate that the exception to the privilege established in Texas Rule of Evidence 509(d)(4) applies. *Id.* at 842-43.

his basic evidentiary burden, the Court cannot escape the conclusion that the ruling in his favor was clearly erroneous.

### III.   CONCLUSION

Defendant's Objection to the Magistrate Judge's ruling, offered in the form of a Motion for Reconsideration, [Dkt. No. 42], is **SUSTAINED**. The Court therefore **VACATES** the Order, [Dkt. No. 40], granting in part Plaintiff's Motion to Quash, and **DENIES** that Motion in its entirety. Accordingly, all medical records subject to this discovery dispute are discoverable by Defendant.

IT IS SO ORDERED.

DONE this 18th day of April, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**